**HYMAN v. ALBERRY et al.**

No. 3486.

Court of Civil Appeals of Texas. Beaumont.

June 14, 1939.

Rehearing Denied June 28, 1939.

Adams & McAlister, of Nacogdoches, for plaintiff in error.

K. W. Denman and Collins, Pate, Hatchell & Garrison, all of Lufkin, for defendant in error.

O'QUINN, Justice.

Suit by Sam Hyman against Mrs. L. W. Alberry and E. J. Mantooth to recover on a promissory note in the sum of $2500 together with interest at the rate of 8% per annum on said note, and 10% attorneys fees. Defendants fully answered. The case was submitted to a jury upon special issues on the answers to which judgment was rendered in favor of Hyman for the amount of his debt against Mrs. Alberry, and in favor of defendant E. J. Mantooth and against appellant Hyman, on the finding of the jury that defendant E. J. Mantooth, who was a surety or indorser on the note, had been released by the owner and holder of the note. Hyman brings this appeal against that judgment. Mrs. Alberry did not appeal from the judgment against her.

There are several interesting and well briefed questions presented by the briefs of the parties, but as we conclude that the judgment must be affirmed because of the finding of the jury that defendant E. J. Mantooth had been released and fully discharged from any liability on the note as indorser, we shall discuss only this issue.

On January 30, 1932, Mrs. Alberry executed her note to Mrs. Lila DeLaFosse for the sum of $2500. This note was indorsed by E. J. Mantooth. At the time of executing the note Mrs. Alberry executed a deed of trust upon certain real estate to secure the payment of the note. It was due and payable one year after date. On April 5, 1933, Mrs. DeLaFosse, who

892

was then the owner and holder of the note, executed and delivered to E. J. Mantooth, as found by the jury, an instrument in writing releasing him from all liability as indorser of the note. On April 15, 1933, Mrs. DeLaFosse transferred the note and deed of trust to appellant, Sam Hyman, who filed this suit on August 31, 1936.

Appellant presents 15 assignments of error. None of them complain that the findings of the jury do not have support in the evidence. They all complain that the court erred in admitting certain evidence over appellant's objections. We shall discuss only that pertaining to the issue of release of defendant E. J. Mantooth from liability as indorser by Mrs. DeLaFosse, as we think that finding disposes of the case, and so the other questions become immaterial, and if any error was shown in the admission of the testimony complained in the other assignments, or of any part of same, such error was harmless.

 Lonnie Eddings testified that he became the Private Secretary of E. J. Mantooth. in 1926, and continued as such until April, 1935. That he handled Judge Mantooth's private affairs—his notes and matters of that kind. That he kept Judge Mantooth's books, handled his correspondence, prepared and wrote instruments relating to his business matters, kept his files of papers and instruments, including his private papers as well as business matters and law business—was his law secretary as well as private secretary. That he knew Mrs. DeLaFosse and was present in Judge Mantooth's office on April 5, 1933, when she came to see Judge Mantooth relative to the note she held against Mrs. Alberry on which Judge Mantooth was indorser. That he heard her tell Judge Mantooth that she was willing to and would release him for all liability as indorser on the note. That Judge Mantooth wrote out the release and gave it to Mrs. DeLaFosse and told her to hand it to him, Eddings, for him to reduce it to proper form and type it off. That he did type the release and that Mrs. DeLaFosse signed the release in his presence and delivered same. That he placed the release among Judge Mantooth's private papers in the proper file. That some two years after this he ceased to be Secretary to Judge Mantooth. That at the time he ceased to be Secretary to Judge Mantooth the release was in the file where he had

placed it. That after this suit was filed he had made careful and repeated search for the release in all places where same might be or have been placed, but could not find same. He reproduced substantially in form and text, the release, which so reproduced read:

"The State of Texas,
"County of Angelina.

"For a good and valuable consideration, I, Mrs. Lila DeLaFosse, the payee in and the owner and holder of that certain note dated January 30, 1932, executed by Mrs. L. W. Alberry in the principal sum of Two Thousand Five Hundred ($2500.00) Dollars, and payable to me one year after date, do hereby fully and completely release and discharge E. J. Mantooth from any liability and responsibility as indorser on said note, and agree that I shall not hereafter look to him for the payment of said note, but shall look to the other security therefor."

"Witness my hand this the 5th. day of April, A. D. 1933.
"Mrs. Lila DeLaFosse."

K. W. Denman, attorney and law partner of Judge Mantooth, and son-in-law of Judge Mantooth, testified that for several years he had had charge of the law business of the law firm of Mantooth & Denman, and also Judge Mantooth's business affairs, and that he had made careful search for the original release and could not find same, nor could he find the file of papers relating to the matter in which it was originally deposited. Others having access to the law office likewise so testified and that the release could not be found. Appellant objected to the admission of all of this evidence as to the existence of the release and that it was lost on the grounds that it was immaterial, irrelevant, was hearsay, that the release was the best evidence, that the conversation of Mrs. DeLaFosse with Judge Mantooth relative to releasing him from liability on his indorsement of the note was not in the presence of appellant and so could not be binding upon him, and it appearing that Mrs. DeLaFosse had since died, it was in violation of what was known as the "dead man" statute. These objections were all overruled. At the time of the conversation of Mrs. DeLaFosse with Judge Mantooth looking to releasing him from his indorsement of the note, appellant was not an interested party—he had not acquired the note. Eddings testified to a conversation

which occurred in his hearing, and to the execution in his presence of an instrument which he had drawn at the request of Mrs. DeLaFosse and Judge Mantooth, the only interested parties in the matter at hand. The statutes relative to transactions with deceased persons are not applicable. The evidence was admissible.

In answer to special issue No. 1, the jury found that Mrs. Lila DeLaFosse executed the instrument releasing Judge Mantooth from liability on the note as indorser. The evidence abundantly supports this finding.

The note was past due when Mrs. DeLaFosse transferred it to appellant. It was subject to every defense in his hands that could be made against it in the hands of Mrs. DeLaFosse. It appearing without dispute that before appellant acquired the note, that Mrs. DeLaFosse had released Judge Mantooth from liability on the note as indorser, all other questions presented become immaterial, and if error was shown as to any of the other issues, the error was harmless.

The judgment is affirmed.